IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GROUPCHATTER, LLC, | : | |
| Plaintiff, | : | |
| v. | : | |
| TELEGRAM MESSENGER, LLP, and TELEGRAM LLC, | : | CIVIL ACTION NO. 1:17-CV-001175-AT |
| Defendants. | : | |

## **ORDER**

This matter is before the Court on Plaintiff's Motion for Default Judgment [Doc. 11]. For the following reasons, the Motion is **GRANTED** subject to the limitations identified herein. The Court **ORDERS** Plaintiff GroupChatter, LLC, to submit a revised statement itemizing the exact amount of damages, interest, and costs it seeks against Defendants Telegram Messenger, LLP, and Telegram LLC and the basis for those values.

**I.    FACTUAL BACKGROUND**

Plaintiff GroupChatter, LLC brought this action in March 31, 2017 against Defendants Telegram Messenger, LLP, and Telegram LLC, alleging infringement of U.S. Patent Nos. 8,588,207; 9,014,659; and 9,294,888. (Compl., Doc. 1 ¶ 1.) Plaintiff presented documentation indicating that each Defendant was served with GroupChatter's Original Complaint and Jury Demand. (*See* Doc. 9, Ex. 1; Doc. 10, Exs. A-C.) Defendants failed to file an answer or otherwise respond. (Doc. 9 ¶ 4;

Doc. 10 ¶ 7.) The Clerk entered default against Defendants in June 2017 pursuant to Rule 55(a) of the Federal Rules of Civil Procedure for failure to answer or otherwise move with respect to the Complaint within twenty-one (21) days of date of service. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). On September 17, 2017, GroupChatter filed a Motion for Default Judgment against Defendants and damages against Defendants, jointly and severally, in the amount of $1,400,000.00 plus pre-judgment interest in the amount of $116,115.93 and post-judgment interest and taxable costs.  (Doc. 11 at 29.)

## II. STANDARD FOR DEFAULT JUDGMENT

When a party fails to plead or defend against a plaintiff's complaint for affirmative relief, the clerk must enter the party's default.  Fed. R. Civ. P. 55(a).  A default then constitutes admission of all well-pleaded factual allegations contained in the complaint.  *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] A grant of default judgment in favor of the plaintiff is therefore warranted only if there exists "a sufficient basis in the pleadings for the judgment entered."  *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1362 (N.D. Ga. 2011) (quoting *Nishimatsu Constr. Co., Ltd.*, 515 F.2d at 1206).  This standard is "akin to that necessary to survive a motion to dismiss for failure to state a claim."  *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

2015). In addition to the pleadings, a court considering a motion for default judgment may also rely on evidence such as affidavits and declarations. *Id.*

## III. ANALYSIS

Upon review of Plaintiff's Motion for Default Judgment and the attached documentation and affidavits, the Court determines that there is a sufficient basis for the following:

- The Court finds that Defendants Telegram Messenger, LLP and Telegram LLC were properly served with GroupChatter, LLC's Original Complaint and Jury Demand and that both Defendants failed to file an answer or otherwise respond.

- The Court finds that GroupChatter owns the asserted patents, that the asserted patents are valid and enforceable, and that Defendants have infringed at least one claim of each of the asserted patents: U.S. Patent Nos. 8,588,207; 9,014,659; and 9,294,888.

- The Court finds that 35 U.S.C. § 284 applies and that an award in an amount adequate to compensate for Defendant's infringement and no less than a reasonable royalty for the use made of the invention by the Defendants, together with interest and costs, shall be calculated.

- The Court finds that Plaintiff is entitled to default judgment against Defendants.

While the Court grants default judgment in favor of Plaintiff, the Court finds that Plaintiff has insufficiently supported its damages calculation. In particular,

3

Plaintiff calculates its reasonable royalty damages based on the total acquisition prices for two comparable online messaging companies. Plaintiff then divides those prices by the estimated number of users, resulting in an average "acquisition price per user" for each comparator company. (*See* Pl.'s Motion, Doc. 11-7, Ex. F at 11.) Plaintiff uses this "acquisition price per user" figure – after discounting it based on the group message functionality and the asserted patents' functionality – to determine a royalty base of $0.91. Multiplying this royalty base by a royalty rate of 5%, Plaintiff arrives at a per user royalty of $0.05. According to Plaintiff, this method of calculation was necessary because companies with similar business models did not charge users for the service and, instead, "were supported by venture capital and pegged their value to their monthly active users."

There appear to be unexplained gaps in Plaintiff's reasonable royalty calculation. For one, Plaintiff does not fully explain why it based this calculation on evidence of acquisition prices of comparable companies. Plaintiff cites to the *Georgia-Pacific Corp. v. U.S. Plywood Corp.*[2] case as support for its calculation, but "the standard *Georgia-Pacific* reasonable royalty analysis takes account of the importance of the inventive contribution in determining the royalty rate that would have emerged from the *hypothetical negotiation*." *AstraZeneca AB v. Apotex Corp.*, 782 F.3d 1324, 1338 (Fed. Cir. 2015) (emphasis added). This hypothetical negotiation "tries, as best as possible, to recreate the *ex ante* licensing negotiation scenario" where "sophisticated parties routinely enter into license agreements that

---

[2] 318 F. Supp. 1116 (S.D.N.Y. 1970).

4

base the value of the patented inventions as a percentage of the commercial products' sales price." *Exmark Mfg. Co. Inc. v. Briggs & Stratton Power Prod. Grp.*, LLC, 879 F.3d 1332, 1349 (Fed. Cir. 2018) (internal quotations omitted). Plaintiff's reasonable royalty calculation seems to estimate the value of *owning* the asserted patents into perpetuity (by looking to the costs of acquiring comparable companies) versus *licensing* the asserted patents for a limited period of time (i.e., the length of Defendants' alleged infringement). The Court is concerned that Plaintiff's reasonable royalty calculation may not properly estimate the hypothetical negotiation as outlined in *Georgia-Pacific*.

Furthermore, Plaintiff's CEO states in his affidavit that he "ha[s] experience licensing the asserted patents to others through GroupChatter, LLC's licensing campaign." (Pl.'s Motion, Ex. F, Doc. 11-7 at 3.) Plaintiff does not explain why it does not base its reasonable royalty calculation on previous licensing agreements of the asserted patents instead, which are presumably more accurate estimates of the hypothetical licensing negotiation with Defendants.

Thus, Plaintiff shall submit a revised itemized statement explaining in detail its calculation of reasonably royalty damages and pre-judgment interest damages (which depend on reasonable royalty damages). Plaintiff shall also explain more fully the rationale behind its calculations. Alternatively, Plaintiff may use a different model for calculating its damages in the event the *Georgia-Pacific* model is not properly applicable here, and Plaintiff shall fully explain its model (and cite

5

to any supporting case law) if it chooses this route.  The Court will review this revised statement to determine the damages that Plaintiff may be entitled to.

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Default Judgment [Doc. 11] against Defendants Telegram Messenger, LLP, and Telegram LLC.  The Court **FURTHER ORDERS** Plaintiff to submit a revised statement itemizing the exact amount of damages, interest, and costs it seeks against Defendants and the basis for those values.  Plaintiff shall file the revised statement no later than September 10, 2018.

Plaintiff is **DIRECTED** to mail a copy of its Motion for Default Judgment, this Order, and its revised statement of damages on Defendants Telegram Messenger, LLP, and Telegram LLC and to file proof of such mailing on the docket of this case by September 10, 2018.  Plaintiff shall mail these documents to the following addresses via regular and certified mail:

    Telegram Messenger, LLP
    71-75 Shelton Street
    Covent Garden
    London, England WC2H 9JQ

    Telegram LLC through its Registered Agent:
    A Registered Agent, Inc.
    8 The Green, Ste A
    Dover, Delaware, 19901

**IT IS SO ORDERED** this 27th day of August, 2018.

*[signature]*

**Amy Totenberg**
**United States District Judge**